

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2009

# Mary White v. Stuart Rabner

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3021

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Mary White v. Stuart Rabner" (2009). *2009 Decisions*. Paper 638.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/638

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-307                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3021
_____

MARY E. WHITE,
                                    Appellant
                          v.

CHIEF JUSTICE STUART RABNER, SUPREME COURT OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:08-cv-06106)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 03, 2009

Before:  MCKEE, FISHER AND CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 18, 2009)

_____

OPINION
_____

PER CURIAM

        In December 2008, Appellant Mary White commenced this action by filing a

"Notice of Appeal" in the District Court, which the court treated as a complaint.  This

filing sought review of several rulings made by New Jersey Supreme Court Chief Justice

Stuart Rabner in White's various state court proceedings. White requested that the District Court "[u]phold my Constitutional Rights, including but not limited to a fair hearing in an unbiased court," provide her with "the transcripts and representation needed for equal access to justice," and "[r]ecuse [Chief Justice Rabner] . . . from presiding over any of [White's] hearings and to conduct a Judicial Review based on the six complaints filed against him this year." In June 2009, the District Court dismissed White's claims sua sponte, concluding that the Rooker-Feldman doctrine and principles of judicial immunity barred the court's review.[1] This appeal followed.[2]

The District Court did not err in dismissing White's claims. The Rooker-Feldman doctrine bars a federal district court from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Although this doctrine is narrow, see id., we agree with the District Court that it applies here to White's challenge to the decisions in her various state court proceedings. Her claim against Chief Justice Rabner individually is barred as well. Under 42 U.S.C. § 1983, "in any action brought against a judicial officer for an act or omission taken in

---

[1]The court noted that White had recently filed a similar complaint before another judge in the same District. In that earlier case, the court dismissed White's complaint sua sponte, and we summarily affirmed on appeal. See White v. Sup. Ct. of N.J., No. 08-3818 (3d Cir. Mar. 27, 2009) (non-precedential opinion).

[2]We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." In requesting Chief Justice Rabner's recusal and "judicial review," White did not establish that he violated a declaratory decree or that declaratory relief was unavailable.

Accordingly, we will summarily affirm the District Court's order dismissing White's claims. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.